UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANTHONY LYNDON BENJAMIN, | * * * | |
| Plaintiff, | * * | |
| v. | * * | |
| FREMONT INVESTMENT & LOAN, HSBC CT CORPORATIONS SYSTEMS, LITTEN LOAN SERVICING LP, OCWEN LOAN SERVICING LLC, and HSBC BANK USA, NATIONAL ASSOC., | * * * * * * | Civil Action No. 25-cv-11055-ADB |
| Defendants. | * * * | |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Before the Court is Defendants' motion to dismiss Plaintiff's amended complaint. [ECF No. 21]. Because the claims presented here could have been and seemingly were fully litigated in a 2017 action by the same plaintiff against substantially the same defendants, the doctrine of res judicata applies and prevents this Court from revisiting the claims presented. Defendants' motion to dismiss is therefore **GRANTED**.

I.   **BACKGROUND**

In 2017, Anthony Benjamin ("Plaintiff" or "Benjamin") brought a state court action against Fremont Investment and Loan, Litton Loan Servicing, and Ocwen Loan Servicing, in which he raised a series of claims. [ECF No. 9 at 59]. He claimed that the defendants had committed several wrongful acts against him related to a home mortgage and subsequent

foreclosure of property at 10 Lothrop Avenue in Milton, Massachusetts, including improperly foreclosing on his property without due process or notification; failing to provide notice of the foreclosure sale; failing to respond to correspondence, including a request for statement of account; engaging in unfair and deceptive trade practices; and failing to credit his account for payments made.  [Id. at 59–60].  The defendants removed that case to federal court, and it proceeded before another session of this Court.  See generally Benjamin v. Litton Loan Servicing, LP (Benjamin I), 17-cv-11727 (D. Mass. Aug. 22, 2018).  That Court construed his pro se complaint as raising claims under state common law, Massachusetts General Laws chapter 93A, and the Due Process Clause of the United States Constitution.  See generally Benjamin I, Dkt. No. 26-1 (D. Mass. Aug. 22, 2018).  The Court dismissed a chapter 93A claim without prejudice, dismissed other claims with prejudice, and granted summary judgment for the defendants on all surviving claims.  See generally id.; Benjamin I, Dkt. No. 35-1 (D. Mass. Jan. 28, 2020).

On August 27, 2024, Benjamin initiated the present pro se action in state court, which Defendants again removed to this Court on April 22, 2025.[1]  [ECF No. 1 at 2].  This action is different from the 2017 action in a few respects.  First, Benjamin now adds the parties HSBC CT Corporations Systems and HSBC Bank USA, National Association, [ECF No. 20 at 1], apparently in their capacity as trustee for a set of Fremont mortgage-backed certificates, see [id. at 8].  Second, this complaint recites background information on the history of discriminatory mortgages and sub-prime loans in Massachusetts.  [Id. at 1–7].  Third, it raises some factual allegations not contained in the 2017 complaint: specifically, that during foreclosure, Benjamin

---

[1] The state court complaint was first dismissed for failure to serve; the dismissal was vacated on March 12, 2025.  [ECF No. 1 at 2].

was not provided with an original copy of the note he signed; that Fremont charged Benjamin an interest rate of 24.775%; and that Benjamin never received written notices of foreclosure. [Id. at 8]. The remedies sought are similar, but not identical, to those sought in the 2017 action. Compare [ECF No. 20 at 9], with Benjamin I, Dkt. No. 2-3 (D. Mass. Aug. 22, 2018). Defendants moved to dismiss the suit on April 29, 2025, [ECF No. 8], and Benjamin filed an opposition on October 6, 2025, [ECF No. 28].[2]

## II.     DISCUSSION

Defendants assert that Benjamin's claims are barred by the doctrine of res judicata. [ECF No. 9 at 8–11]. Under the doctrine of res judicata, a final judgment in a dispute "acts as a bar to a second action on the same claim[,] . . . [because] fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end." Restatement (2nd) of Judgments § 19. "Res judicata is an affirmative defense, but where, as here, the defendants[s] ha[ve] raised the question on a motion to dismiss, the plaintiff does not object to the procedure, and the court discerns no prejudice, the issue may be resolved on such a motion." In re Sonus Networks, Inc. Shareholder Derivative Litigation, 499 F.3d 47, 56 (1st Cir. 2007) (citation omitted).

"Federal law principles of res judicata govern the preclusive effect of a prior federal court's judgment on a subsequent action brought in federal court." Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 582 (1st Cir. 1995) (citing In re El San Juan Hotel Corp., 841 F.2d 6, 9 (1st Cir. 1988)). This means that after a federal court issues a "final judgment on the

---

[2] In the interim, Benjamin filed an amended complaint, [ECF No. 20], but the document filed was identical to Benjamin's original complaint. Defendants thus moved to dismiss Benjamin's amended complaint, [ECF No. 21], by incorporating their first motion to dismiss, [ECF No. 8]. Defendants' second motion to dismiss is now before the Court.

merits," the parties are precluded from "relitigating claims that were raised or could have been raised in that action." <u>Id.</u> at 583.  Here, a final judgment on the merits was issued in the 2017 action, when that Court granted summary judgment to the defendants in <u>Benjamin I</u>, Dkt. No. 35-1 (D. Mass. Jan. 28, 2020).  The parties to the present action, including the two HSBC parties named in their capacity as trustees of Fremont mortgage-backed certificates, are "sufficiently identical or closely related," <u>Airframe Sys., Inc. v. Raytheon Co.</u>, 601 F.3d 9, 14 (1st Cir. 2010); <u>see also id.</u> at 17 ("[Strict] privity is . . . not a necessary condition for a new defendant to invoke a claim preclusion defense.  We . . . have long held that claim preclusion applies if the new defendant is 'closely related to a defendant from the original action . . . .'" (quoting <u>Negrón-Fuentes v. UPS Supply Chain Sols.</u>, 532 F.3d 1, 10 (2008))), to those in the 2017 action, which included Fremont Investment and Loan, Litton Loan Servicing LP, and Ocwen Loan Servicing LLC, <u>see</u> <u>Benjamin I</u>, Dkt. No. 2-3, at 5 (D. Mass. Sept. 12, 2017), and which was also served on the HSBC parties, <u>id.</u> at 8.

All that remains is to decide if the claims that Benjamin brings here amount to a relitigation of claims that "were raised <u>or could have been raised</u>" in the 2017 action.  <u>Amertex</u>, 48 F.3d at 583 (emphasis added).  The question is whether these claims arise from "a common nucleus [of fact] that is identifiable as a transaction or series of related transactions."  <u>Id.</u> at 584.  In this case, they do.  Benjamin's new complaint, though not identical to the 2017 action, is based on the same series of related transactions as the 2017 action.  Specifically, both complaints challenge Defendants' conduct regarding Benjamin's mortgage and their subsequent foreclosure on his property.  <u>Compare</u> [ECF No. 20 at 8–9], <u>with</u> <u>Benjamin I</u>, Dkt. No. 2-3, at 5–7 (D. Mass. Sept. 12, 2017).  In his opposition, Benjamin describes the additional arguments that he wishes to raise against Defendants and assures the Court that he will be able to substantiate those

4

arguments, [ECF No. 28 at 8], but he does not distinguish the facts that form the basis of this action from those that formed the basis of his previous action. The Court has not, by independent analysis, found any basis for drawing such a distinction. As such, because Benjamin had the opportunity to litigate these claims in his 2017 action, he is precluded from relitigating them here.

### III.     CONCLUSION

Defendants' motion to dismiss, [ECF No. 21], is **GRANTED.**

**SO ORDERED.**

October 21, 2025 /s/ *Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE